IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cr-10035 |
| | ) | |
| SEBASTIAN SALE, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES FOR A PRELIMINARY
ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS**

NOW COMES the United States of America, by Douglas J. Quivey, Acting United States Attorney for the Central District of Illinois, and Richard Kim, Assistant United States Attorney, and respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

**SUPPORTING SUGGESTIONS**

1. On June 16, 2020, a federal grand jury sitting in the Central District of Illinois returned an Indictment against the Defendant, Sebastian Sale, charging the Defendant with one count of Attempted Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a) and (e); three counts of Distribution of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1); and one count of Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

2. The Indictment also sought forfeiture, pursuant to 18 U.S.C. § 2253, of (a) any visual depictions or other matter containing such visual depictions, which were produced, transported, mailed, shipped, received, or possessed as alleged therein; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses alleged therein; and (c) any property, real or personal, used or intended to be used to commit or promote the commission of the offenses as alleged therein, including, but not limited to, video recorders and accessories, cameras, computer hardware, such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes, hard disk drives/units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the aforementioned hardware and software, tools, equipment, manuals and documentation for the assembly and use of the aforementioned hardware and software, including the specific equipment listed:

- HP G7 laptop SN-CND936713T
- Sandisk 1GB memory card
- Sandisk 32GB thumb drive
- Sandisk 128GB thumb drive
- Cruzer Glide 128GB
- RCA laptop SN-N1FD1Z0374DO

3. On April 8, 2021, the Defendant entered into a written plea agreement with the United States wherein he pled guilty to Count One (Attempted Production of Child Pornography) of the Indictment and agreed to the forfeiture of the items listed in the forfeiture notice contained therein.

4. Rule 32.2 (b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provide that:

(a) As soon as practical after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(b) If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(c) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

5. Based upon the Defendant's admissions at the time of his change of plea hearing and in the written plea agreement, and the evidence presented by the Government, the United States has established the requisite nexus between the items sought to be forfeited and the offense to which the Defendant has pleaded guilty.

Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253.

6.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order and the Government's intent to dispose of the property in the manner prescribed by the Attorney General, and notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Richard Kim, Assistant United States Attorney, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.  Publication may consist of posting notice for a period of thirty days on www.forfeiture.gov, an internet site maintained by the U.S. Department of Justice.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting the aforesaid property to the United States and order the United States, or its agents or designees, to maintain custody of the forfeited property and dispose of it in accordance with the law.

Respectfully submitted,

DOUGLAS J. QUIVEY
ACTING UNITED STATES ATTORNEY

By: */s/ Richard Kim*
  Richard Kim, IL Bar No. 6226879
  Assistant United States Attorney
  United States Attorney's Office
  318 South Sixth Street
  Springfield, IL 62701
  Telephone: 217-492-4450
  Email: richard.kim@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record.

  */s/ Richard Kim*
  Richard Kim, IL Bar No. 6226879
  Assistant United States Attorney
  United States Attorney's Office
  318 South Sixth Street
  Springfield, IL 62701
  Telephone: 217-492-4450
  Email: richard.kim@usdoj.gov